**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Allen White, | No. CV-24-02633-PHX-DJH |
| Plaintiff, | |
| v. | **ORDER** |
| Four Peaks Brewing Company, | |
| Defendant. | |

Four Peaks Brewing Company ("Defendant") has moved to dismiss *pro se* Plaintiff David Allen White's ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 4).[1] The matter is fully briefed. (Docs. 14 & 16). The Court must now determine whether Plaintiff has plausibly pled sufficient facts to state a claim for which relief can be granted.

**I.   Background[2]**

This matter arises out of an encounter at Defendant's restaurant on April 16, 2023. (Doc. 1 at 7–8). Plaintiff alleges that he was waiting for guests to join him, and while he waited, he took photos of the bar for social media and viewed photos on his phone. (*Id*. at 7). Plaintiff's guests arrived and they all consumed food and drinks for

---

[1] Any references to "Rules" herein are to the Federal Rules of Civil Procedure, unless stated otherwise.

[2] Unless otherwise indicated, these facts are taken from Plaintiff's Complaint (Doc. 1). When evaluating a motion to dismiss, the court "accept[s] as true the well-pleaded factual allegations in the complaint." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (citation omitted).

approximately an hour before two of Defendant's employees asked Plaintiff to leave. (*Id.*) One employee told Plaintiff that they were asking him to leave because he was taking pictures of staff without their consent. (*Id.*) Plaintiff and his party left Defendant's restaurant after they finished their drinks. (*Id.* at 8).

The next day, Plaintiff called one of Defendant's managers, Sean Snelling, to inform him of what he thought was an unknown illegal activity; but Snelling informed Plaintiff that watching customers activity was a routine practice. (*Id.* at 8–9). Plaintiff contacted the Tempe Police Department to report the incident and Officer Anthony Burke investigated. (*Id.* at 9). Plaintiff alleges that Officer Burke spoke with Snelling and that he admitted to watching Plaintiff's phone through a camera to "confirm [Plaintiff] had taken photographs of several staff members buttocks." (*Id.* at 10).

Officer Burke called Plaintiff back and told him "[f]rom what I am looking at, you are the only one that committed a crime." (*Id.* at 11). Plaintiff attempted to report Officer Burke to his supervisors, but they took the position that "if a cellular device is out of one's pocket, it is considered on public display to eyes and devices, regardless of the Plaintiff's privacy safeguards." (*Id.*) Plaintiff also alleges that Defendant has since erased the footage of the incident. (*Id.* at 12).

Due the above allegations, Plaintiff brings claims for (1) violation of the Wiretap Act, 18 U.S.C. §§ 2510 (2) Intrusion Upon Seclusion; and (3) Negligent Hiring, Retention or Supervision against Defendant. (Doc. 1 at 13–16). Defendant seeks to dismiss these claims and argues that Plaintiff has failed to plausibly allege a claim for relief. (Doc. 4).

**II.   Legal Standard**

Rule 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). A complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See*

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). To survive a Rule 12(b)(6) dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At this stage, the court construes the well-pleaded factual allegations as true and "in the light most favorable to the nonmoving party." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008). The court determines only whether the factual allegations provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. That is, whether these factual allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. While this standard does not require "detailed factual allegations," the allegations must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. The plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court is not required to "accept as true a legal conclusion couched as a factual allegation." *Id.* The factual allegations must be well-plead and "allow[] the court to draw the reasonable inference" of liability. *Iqbal*, 556 U.S. at 678.

**III. Discussion**

Defendant moves to dismiss all three of Plaintiff's claims for relief for not being plausibly alleged. (Doc. 4 at 2). The Court will address each claim in turn.

**A.   Count I: Violation of the Wiretap Act, 18 U.S.C. § 2510**

Defendant contends that Plaintiff's Complaint fails to state a claim because viewing the content of Plaintiff's cellphone via a "conspicuous security camera" placed in a "public setting" does not constitute intercepting an electronic communication within the meaning of the Electronic Communications Privacy Act (the "ECPA"), 18 U.S.C § 2511(1).[3] (Doc. 4 at 3–4).

The ECPA prohibits the unauthorized "interception" of an "electronic

---

[3] The ECPA encompasses both the Wiretap Act, 18 U.S.C. §§ 2510–2523, and the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2713. The ECPA also provides a private right of action. 18 U.S.C. § 2520.

communication." 18 U.S.C. § 2511(1). An "electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system." *Id*. § 2510(12). "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id*. § 2510(4). An electronic communication "must be acquired during transmission, not while it is in electronic storage" *Konop v. Hawaiian Airlines, Inc*., 302 F.3d 868, 878 (9th Cir. 2002).

To sufficiently allege a Wiretap Act claim, a plaintiff must plausibly allege that the defendant "(1) intentionally (2) intercepted (3) the contents of (4) plaintiff's electronic communications (5) using a device." *In re Meta Pixel Healthcare Litig*., 647 F. Supp. 3d 778, 795 (N.D. Cal. 2022) (citing *In re Pharmatrak, Inc*., 329 F. 3d 9, 18 (1st Cir. 2003)). However, "[e]lectronic communications which are 'readily accessible to the general public' are explicitly exempted from protection under the Wiretap Act." *Davis v. HDR Inc*., 606 F. Supp. 3d 898, 902 (D. Ariz. 2022). The "readily accessible issue concerns a 'material and essential' element of an ECPA claim that must be sufficiently pleaded to in the complaint." *Id*. at 903. Thus, to survive a defendant's motion to dismiss, a plaintiff must allege facts, accepted as true, that the intercepted electronic communication was not readily accessible by the general public. *See id*.

Plaintiff has not plausibly alleged that there was an interception of any "electronic communication" or that the intercepted electronic communication was not readily accessible by the general public. Plaintiff states that he was sitting at a high-top table at Defendant's pub when the alleged interception happened. (Doc. 1 at 7). While he alleges that he was sitting against a wall, he does not allege that his phone's screen was protected from onlookers. (*Id*.) In fact, his allegations that Defendant viewed his screen from a security camera cut against any protection from accessibility to the general public. Plaintiff has failed to allege that the "intercepted electronic communication" (his phone's screen) was not readily accessible to the general public, so, his claim fails here. *See Davis*, 606 F.

Supp. 3d at 903.

Furthermore, Plaintiff has not plausibly alleged that viewing his cell phone's screen constitutes an "electronic communication" under the Act. While the Act provides a remedy for an intercepted image, the image must be intercepted during transmission or transfer. 18 U.S.C. § 2510(12); *Konop*, 302 F.3d at 878 (holding that an electronic communication "must be acquired during transmission, not while it is in electronic storage"). Thus, Plaintiff's Wiretap Act claim fails for multiple reasons and must be dismissed. Fed. R. Civ. P. 12(b)(6).

### B.    Count II: Common Law Intrusion Upon Seclusion

Defendant moves to dismiss Plaintiff's common law intrusion upon seclusion claim. (Doc. 4 at 5–6). First, Defendant contends Plaintiff's intrusion upon seclusion claim fails as a matter of law because it is preempted by A.R.S. § 13-3019. (*Id.* at 5). Second, Defendant contends Plaintiff's claim fails because he had no objectively reasonable expectation of privacy at Defendant's restaurant. (*Id.*) The Court agrees.

The Arizona Supreme Court has recognized the invasion of privacy torts laid out in the Restatement (Second) of Torts § § 652A *et seq.*, which include the tort of intrusion upon seclusion. S*ee Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 784 (Ariz. 1989). A claim for intrusion upon seclusion or invasion of privacy requires a plaintiff to plausibly allege: "(i) an intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns; and (ii) that the intrusion would be highly offensive to a reasonable person." *Davis v. HDR Inc*., 652 F. Supp. 3d 1087, 1097 (D. Ariz. 2023) (citing *Hart*, 947 P.2d at 853; Restatement (Second) of Torts § 652B). "This first element requires '(a) an actual, subjective expectation of seclusion or solitude in the place, conversation, or matter, and (b) that the expectation was objectively reasonable.' " *Id*. (quoting *Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (applying Arizona law)). The second element—a highly offensive intrusion—generally requires "an exceptional kind of prying into another's private affairs." *Id.* at 819 (citing Restatement § 652B, cmt. b). Relevant factors include

- 5 -

"the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Id.* Furthermore, liability for the intrusion arises only where a defendant has "intruded into a private place, or has otherwise invaded a private seclusion *that the plaintiff has thrown about his person or affairs*." *Davis v. HDR Inc.*, 606 F. Supp. 3d 898, 911 (D. Ariz. 2022) (emphasis in original).

Plaintiff alleges in his Complaint that he "had an objectively reasonable expectation of privacy concerning the contents of his electronic communications and data" and that Defendant "intentionally intruded upon the solitude and seclusion of Plaintiff's private affairs and concerns by accessing or endeavoring to access information from Plaintiff's password protected computer device without Plaintiff's consent or knowledge." (Doc. 1 at 15). Plaintiff's claim fails for two reasons: (1) he had no reasonable expectation of privacy at Defendant's public restaurant; and (2) there is no "exceptional" kind of prying into Plaintiff's affairs.

Plaintiff was using his cell phone not in "a place of privacy or seclusion established and maintained by the plaintiff," but rather in a publicly accessible place. *See Interscope Recs. v. Duty*, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006); *see also Davis*, 606 F. Supp. 3d at 911. Defendant cannot be said to have intruded upon a place of privacy or seclusion when it viewed Plaintiff taking photographs in its restaurant which is open to the public. Furthermore, Defendant's viewing of Plaintiff's phone screen in public is not an "exceptional" kind of prying akin to "looking into his upstairs windows with binoculars or tapping his telephone wires." *Liberty Life Ins. Co. v. Myers*, 2011 WL 3297506, at *4 (D. Ariz. Aug. 1, 2011) (quoting Restatement (Second) of Torts § 652(B)). In sum, Plaintiff has failed to plausibly allege a claim for intrusion upon seclusion, so, the Court must dismiss this claim. Fed. R. Civ. P. 12(b)(6); *Balistreri*, 901 F.2d at 699.

**C.   Count III: Common Law Negligent Hiring, Retention, and Supervision**

Defendant finally moves to dismiss Plaintiff's common law negligent hiring, retention, and supervision claim. (Doc. 4 at 6). Defendant contends its employees instead

acted responsibly by verifying Plaintiff's behavior before making the decision to ask him to leave. (*Id*.)

In Arizona, an employer is liable under a theory of negligent hiring, retention, and supervision if it "fails to make proper regulations; employs improper persons involving risk of harm to others; fails to supervise activity; or permits or fails to prevent negligent or other tortious conduct by employees or agents on the premises or with instrumentalities under the employer's control." *Anthony v. United States*, 632 F. Supp. 3d 1017, 1030 (D. Ariz. 2022) (citing Restatement (Second) of Agency § 213). "To state a claim for negligent supervision, the plaintiff must allege that an employee committed a tort, that the defendant employer had a reason and opportunity to act, and that the defendant failed to perform its duty to supervise." *Petty v. Arizona*, 2016 WL 4095835, at *1 (D. Ariz. Aug. 2, 2016). "If the theory of the employee's underlying tort fails, an employer cannot be negligent as a matter of law for hiring or retaining the employee." *Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. Ct. App. 2004).

Plaintiff alleges Defendant is liable because Defendant "allowed and even condoned" its employees to violate the "state and federal Wiretap acts" on "some regular basis." (Doc. 1 at 16). However, because his underlying claims have been dismissed, this claim must also be dismissed. *See Kuehn*, 91 P.3d at 352.[4]

### D.   Leave to Amend

Plaintiff requests leave to amend his Complaint to cure any defects the Court identifies. (Doc. 14 at 10). Defendant argues the Court should dismiss his Complaint with prejudice as any defects cannot be retroactively cured. (Doc. 16 at 7).

A court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en

---

[4] Plaintiff requests punitive damages in his Complaint and Defendant seeks to dismiss this request as it "did not act with an evil hand guided by an evil mind." (Doc. 1 at 17–18; Doc. 4 at 6–7). Because the Court has dismissed Plaintiff's substantive claims it will also dismiss Plaintiff's request for punitive damages. *See Allen v. Quest Online, LLC*, 2011 WL 4403674, at *11 (D. Ariz. Sept. 22, 2011) ("Damages cannot stand alone as a separate claim").

banc) (citation omitted). Typically, a district court should not dismiss a complaint with prejudice if an amendment could save the complaint. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The Court finds that any attempt to amend the Wiretap Act claim would be futile and thus that claim will be dismissed with prejudice. It is unclear, however, whether any proposed amendments may save his state law claims. *Carrico*, 656 F.3d at 1008; *Thinket*, 368 F.3d at 1061. Those claims, therefore, with be dismissed without prejudice. Notwithstanding, the Court will deny Plaintiff's request to amend these state law claims in this Court. The Court only possesses jurisdiction over Plaintiff's potentially remaining state law claims pursuant to supplemental jurisdiction. 28 U.S.C. § 1367. Section 1367(a) provides:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

Although a district court may hear state law claims brought under § 1367(a), the Court possesses discretion to refuse jurisdiction if:

i. the claim raises a novel or complex issue of State law,

ii. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

iii. ***the district court has dismissed all claims over which it has original jurisdiction***, or

iv. in exceptional circumstances, there are other compelling reasons for

declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added); *see also Avelar v. Youth and Family Enrichment Servs.*, 364 F. App'x 358, 359 (9th Cir. 2010) ("We have frequently recognized that when federal claims are dismissed before trial, supplemental state claims should ordinarily also be dismissed"). Assuming the deficiencies in Plaintiff's state law claims can be saved by amendment, the Court finds that a state court, more familiar with applicable state law, provides a better forum for resolving such claims. While the Court recognizes that litigation of a new suit in state court may create some inconveniences to Plaintiff, Plaintiff makes no showing of extraordinary or unusual circumstances to warrant this Court retaining jurisdiction over these state law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over these state law claims and will dismiss this action in its entirety. 28 U.S.C. § 1367(c)(iii); *Avelar*, 364 F. App'x at 359.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED.** Plaintiff's first claim under the Wiretap Act is **DISMISSED with prejudice**. Plaintiff's Second and Third claims for Intrusion Upon Seclusion and Negligent Hiring, Retention or Supervision are **DISMISSED without prejudice** under 28 U.S.C. § 1367(c).

**IT IS FINALLY ORDERED** that the Clerk of Court is kindly directed to terminate this action and enter judgment accordingly.

Dated this 15th day of May, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge